Toapanta Ochoa v. Blanche

BIA
A220 216 329/330/331

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

JEFFERSON JHONNY TOAPANTA OCHOA, ERIKA TATIANA ACAN GUAMUNSHI, KEYNER ISAAC TOAPANTA ACAN,
> *Petitioners,*

v.

TODD BLANCHE, ACTING UNITED

24-456
NAC

**STATES ATTORNEY GENERAL,** [1]
        *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONERS:** | Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY. |
| **FOR RESPONDENT:** | Brian Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Jessica E. Burns, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jefferson Jhonny Toapanta Ochoa, his wife Erika Tatiana Acan Guamunshi, and their minor child, natives and citizens of Ecuador, seek review of a January 29, 2024, decision of the BIA denying their motion to reissue its October 2023 decision. *In re Jefferson Jhonny Toapanta Ochoa, et al.*, Nos. A 220 216 329/330/331 (B.I.A. Jan. 29, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

Our review is limited to the BIA's decision declining to reissue because the petition for review is timely only as to that decision, and a motion to reissue does not bring up for review the BIA's prior decisions. *See* 8 U.S.C. § 1252(b)(1) (30-day deadline for a petition for review); *Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007) (treating motion to reissue as a motion to reopen); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (a petition for review that is timely only from denial of motion to reopen does not bring up for review underlying decisions).[2] We review the denial of a motion to reissue for abuse of discretion. *See Ping Chen*, 502 F.3d at 75. "The BIA abuses its discretion if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.*

We discern no abuse of discretion in the BIA's denial of the motion to reissue. The BIA considered the basis for the request—that the petitioners' counsel had a heavy workload and inadvertently missed the deadline to petition for review—but declined to reopen because there was no allegation of nonreceipt or

---

[2] Although the 30-day deadline is not jurisdictional, it is a claims-processing rule that the Government has not waived. *See Riley v. Bondi*, 606 U.S. 259, 272–77 (2025); *Castejon-Paz v. Bondi*, 143 F. 4th 116, 118 (2d Cir. 2025). The petitioners have also not sought equitable tolling.

3

lack of notice of the BIA decision or of BIA error.  The petitioners have not identified legal authority that this is an insufficient explanation.  *See id.*

The petitioners instead invoke the BIA's discretionary authority to reopen "at any time . . . on its own motion," which is generally at issue only when a petitioner is seeking relief from the time or number limits on a motion to reopen. 8 C.F.R. § 1003.2(a).[3]  While the BIA may exercise this authority "at any time," *id.*, it "invoke[s] [its] sua sponte authority sparingly, treating it . . . as an extraordinary remedy reserved for truly exceptional situations," *In re G-D-*, 22 I. & N. Dec. 1132, 1133–34 (B.I.A. 1999); *see also In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) (explaining that BIA's "power to reopen on [its] own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship").  And its authority under § 1003.2(a) is "entirely discretionary," such that we lack jurisdiction to review it. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).  Here, the petitioners contend that the BIA could reissue based on its sua sponte authority, but they cite no legal

---

[3] The motion was timely filed within 90 days of the BIA's prior decision, but the petitioners do not argue that they satisfied the requirements for reopening under provisions other than § 1003.2(a).  *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1)-(3).

authority to establish that the BIA erred in refusing to do so here, nor do they address our jurisdiction to review the BIA's decision not to reopen under this provision. *Id.* Nor have they alleged that the BIA misperceived the law. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (holding that we can remand if the BIA "misperceived the legal background and thought, incorrectly, that reopening would necessarily fail").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5